### 3758.   GLENN *v.* THE STATE.

1. The act approved August 12, 1910 (Acts 1910, p. 134), prohibits any applicant under the age of 18 years from obtaining a license to have a pistol or revolver about his person; and, as the terms of the act make it unlawful for any person to have a pistol or revolver about the person, except as stated, it follows by necessary implication that a minor under 18 years of age can not legally have a pistol or revolver about the person, either with or without license.

2. This State, in the exercise of its police power, has adopted the policy (as indicated by many statutes) of protecting minors from the formation of vicious habits or evil conduct; and this policy is not only within

its police power, but is a wise exercise thereof. Minors are the wards of the police power of the State.

3. The verdict is supported by evidence, and no error of law appears.

DECIDED NOVEMBER 20, 1911.

Accusation of carrying pistol without license; from city court of Jackson—Judge Fletcher. October 3, 1911.

*W. E. Watkins,* for plaintiff in error.

*C. L. Redman, solicitor,* contra.

HILL, C. J. John Glenn was convicted of a violation of the act approved August 12, 1910 (Acts 1910, p. 134), which prohibits any person from having about his person a pistol or revolver without first having obtained a license from the ordinary of the county of his residence. His motion for a new trial was overruled, and he brings error. He contends that his conviction was illegal for two reasons: First, because he was under the age of 18 years, and the act in question did not apply to minors of such tender years, as, by the terms of the act, the ordinary was authorized to grant license only to applicants 18 years of age or over, and, as minors under that age were not allowed to procure a license, it was illogical and unjust to punish them for failing to do something that under the terms of the act they were not allowed to do; and it is insisted, apparently with seriousness, that minors in this State under the age of 18 years are legally allowed to carry pistols or revolvers on their persons without any license, if they do not carry them concealed. We think the conclusion is a non sequitur. Indeed, we frankly confess that it would require an express declaration of the legislature of the legislative intent, before we would be willing to place the lawmaking body of the State in the attitude of requiring adults to obtain licenses before they could have or carry pistols or revolvers about their persons, and of permitting, in the same statute, minors under the age of 18 to have this right without any restriction. On the contrary, we are convinced that it was the intention of the legislature that minors under 18 should not have this right at all, either with or without a license.

This purpose is not only manifest, but wise. It is also in harmony with the legislative policy of the State as to rights of minors. The police power of the State makes a special charge of minors. It gathers them under its ample and protective wing "even as a hen gathereth her brood." Minors, as to their property rights, are the wards of chancery. Minors, as to their protection from vicious

conduct or habits, are the wards of the police power of the State. The truth of the latter part of this statement is proved by the numerous statutes in the code restricting the exercise by adults of rights in so far as the exercise of these rights relate to minors. No person controlling a billiard table, pool table, or tenpin alley is allowed to permit a minor to play or roll on the same. Penal Code (1910), § 406. No person can furnish to a minor spirituous, intoxicating, or malt liquors without first obtaining written authority from parent or guardian. Penal Code (1910), § 444. No one is allowed, through himself or agent, or in any other way, to furnish a minor with cigarettes, cigarette tobacco, cigarette paper, or any substitute therefor. Penal Code (1910), § 491.

Illustrating the purpose of the legislature in the act now under discussion, no person can knowingly sell, or furnish, any minor with "any pistol, dirk, bowie knife, or sword cane, except under circumstances justifying their use in defending life, limb, or property." Is not this section inconsistent with that part of the act of 1910 which permits a license to be granted to a minor, even above the age of 18 years, to carry about his person a pistol or revolver? If he can not be furnished or sold a pistol by any one, he should not be permitted to have a license to carry that which he can neither legally buy nor receive as a gift. Neither can any one furnish to minors any malt liquors, whether such liquors are intoxicating or not. *Stoner* v. *State*, 5 *Ga. App.* 720 (63 S. E. 602). An adult is not permitted to gamble with a minor at any game played with cards, dice, or balls. Of course, adults can not lawfully gamble with each other; but the penal statute above noted makes it a distinct offense for an adult to gamble with a minor. Penal Code (1910), § 393. These and other statutes of similar character all prove the truth of the statement that the protection of minors is a favorite exercise by the State of its police power. We conclude, therefore, that the act of 1910 not only prohibits minors under the age of 18 years from obtaining license to have a pistol or revolver on their persons, but that the clear intendment of the act is to prevent minors from having about their persons at all this character of weapons, and this construction is in harmony with the general legislation of the State on the subject of minors.

The next ground upon which it is insisted that the conviction in

this case was illegal is that, if the act in question is construed to prohibit minors from having about the person a pistol or revolver, this construction would be in violation of article 1, section 1, paragraph 22, of the constitution of Georgia. This provision of the constitution declares that "the right of the people to keep and bear arms shall not be infringed, but the General Assembly shall have power to prescribe the manner in which arms may be borne." The Supreme Court, in the case of *Strickland* v. *State,* 137 *Ga.* 1 (72 S. E. 260), has held that the act is not violative of this provision of the State constitution. While the exact question made in this record and now under consideration was not directly involved in that case, yet we think it fairly and reasonably deducible, from some of the language which is used by Mr. Justice Lumpkin in the opinion of the majority of the court, that the construction which we place upon the act in reference to minors under the age of 18 years is the view entertained by that court. It is entirely within the province of the legislature, in the exercise of the police power of the State, to prohibit, on the part of minors, the exercise of any right, constitutional or otherwise, although in the case of adults it might only have the right to regulate and restrict such rights. There are some rights that may be exercised by adults, without harm to the State, which, if exercised by minors, might injuriously affect in some way the public health, public safety, or public morality. Unquestionably the possession of a pistol or revolver by a minor constitutes a menace to the peace of the public, and to the safety of the individuals constituting the public.

So far as the writer of this opinion is concerned, he is decidedly of the opinion that the possession of a pistol or revolver about the person, either by a minor or an adult, concealed or open, is a menace to individual safety and to law and order, and he concurs strongly in the view of those able jurists who construe the constitutional provision above quoted as not applicable to the modern pistol or revolver. The framers of the Federal constitution and of the State constitution did not have this weapon in contemplation when the provision as to the right to "bear arms" was adopted. This constitutional provision, rationally construed, applies only to such "arms" as could be used by the army or the militia in the preservation of public order. It is incredible that any lawmaking body, cognizant of the evils of having about the person a pistol or re-

volver, would have intended to preserve such an evil by a constitutional provision. The ordinary pistol or revolver, usually carried in the hip-pocket, is a weapon of offense, rather than of defense. The pistol is, in the opinion of the writer, the most offensive weapon ever devised by the ingenuity of man for the destruction of life and of the peace of society. The people in their sovereign capacity have the right to prohibit absolutely this evil, and the individual member of society can not claim it as one of the inalienable constitutional privileges of personal liberty. In a free country no man has any personal right that is not subservient to the public weal. "Salus populi suprema lex" is a rule of unlimited application, and qualifies every personal right of the citizen.

One of the ablest and wisest judges who ever presided in the Supreme Court of this State, in discussing this provision of the constitution, in the case of *Hill* v. *State,* 53 *Ga.* 472, uses the following wise and cogent language in alluding to this right claimed to exist under the constitution: "It is to secure the existence of a well-regulated militia; . . and I have always been at a loss to follow the line of thought that extends the guaranty to the right to carry pistols, dirks, bowie-knives, and those other weapons of like character, which, as all admit, are the greatest nuisances of our day. It is in my judgment a perversion of the meaning of the word ' arms,' as used in the phrase ' the right to keep and bear arms,' to treat it as including weapons of this character. . . The constitution is to be construed as a whole. One part of it is not to be understood in such a sense as will militate against another. It is as well the duty of the General Assembly to pass laws for the protection of the person and property of the citizen as it is to abstain from any infringement of the right to bear arms. The preservation of the public peace, and the protection of the people against violence, are constitutional duties of the legislature, and the guaranty of the right to keep and bear arms is to be understood and construed in connection and in harmony with these constitutional duties."

This construction of the constitutional provision was referred to by Mr. Justice Lumpkin, apparently with approval, in his able and learned opinion in the *Strickland* case, supra. But, irrespective of the views entertained by Judge McCay as to the proper construction of this constitutional provision, it must be conceded by every one

that, so far as minors are concerned, the legislature of this State, in the exercise of its police power, has, by the statute in question, absolutely prohibited minors from having about their persons a pistol or revolver. If there was any doubt on this question, or any possibility of a difference as to the constitutionality of that portion of the act of 1910 restricting the right of a minor under 18 years of age to have about his person a pistol or revolver, we would certify this question to the Supreme Court for instruction. But we think the construction which we have given it is so clearly covered by the decision recently made in the *Strickland* case, supra, that it would be wholly superfluous to do so.

We are asked by counsel for the plaintiff in error to certify the question to the Supreme Court, so that the decision in the *Strickland* case may be reviewed. We decline to do so. The *Strickland* case is too recent, and so fully meets our own views as to the proper construction of the statute that we do not feel warranted in complying with the request. *Judgment affirmed.*