EDWIN A. LOMBARD, Judge.
hThe juvenile, R.D., appeals his adjudication as a delinquent, arguing that the evidence is insufficient to support his adjudication pursuant to La.Rev.Stat. 14:95.8. After review of the record in light of the applicable law and arguments of the parties, we reverse the juvenile’s adjudication.

Relevant Procedural History

By judgment rendered on February 2, 2012, and signed on February 7, 2012, based on a disposition hearing which took place on January 5, 2012, the juvenile was found delinquent based on the offense of “ILLEGAL POSSESSION OF HANDGUN BY A JUVENILE” and committed to the Department of Public safety and Corrections for a period of time not to exceed 18 months with 12 months of that sentence suspended.

Relevant Facts

The following evidence was adduced at trial. On December 10, 2011, at approximately 1:55 a.m., Officer Kevin Wheeler of the New Orleans Police Department (NOPD) and his partner, Officer Barrow, were on patrol when, at the 12intersection of Broad and Toledano Streets, they observed a vehicle in which the driver and backseat passenger were not wearing safety belts. Accordingly, Officer Wheeler activated the overhead lights and spot lamp of the patrol car, indicating that the vehicle should pull over. The vehicle continued travelling for several blocks before pulling over in a very dark area on Broad Street near the NFL Youth Center. Officer Wheeler stopped the patrol car behind the vehicle and approached the driver’s side of the vehicle. As he was doing so, he observed the juvenile (the sole occupant of the backseat) look over his left shoulder and then use his elbow to close the armrest into its up-position. Based on the area and his experience as a police officer, the juvenile’s movements induced his concern for officer safety. Accordingly, he asked the driver for his identification and asked all of the occupants whether there were any firearms in the vehicle. The occupants denied the presence of any firearms but, upon noticing the odor of marijuana coming through the driver’s open window, Officer Wheeler Officer Wheeler “had the occupants exit the vehicle.” He then found “[w]here [the juvenile] was seated, next to him was the armrest and inside the armrest when I opened it up was a handgun.” The handgun was loaded. Officer Wheeler stated that Derrick Thomas (the driver of the vehicle), Henry Francois (the front seat passenger), and the juvenile all denied that the gun belonged to them. On cross-examination, Officer Wheeler conceded that he did not see the handgun in the juvenile’s possession or on his person.
IsDerrick Thomas testified at the hearing, however, that as he was getting pulled over by the patrol car, the juvenile was “[p]utting the gun in the trunk.” On cross-examination, Mr. Thomas conceded that in a prior statement he said that he had never seen the gun until it was retrieved by the police officer. He also explained that the vehicle he was driving was his mother’s car and when the backseat armrest is pulled down there was a hole to the trunk.[1]
In addition, LeMoyne Reine, and investigator for Juvenile Regional Services testified that she took the written statement for Mr. Thomas wherein he stated that “I had never seen that gun that night before the cop pulled it out of the car.” Henry *506 Francois, the front-seat passenger testified that he did not see a gun on the juvenile.
In her oral ruling, the trial judge observed as follows:
... The main issue here, based on the evidence presented in this case, we know that there was in fact a weapon found in the car. The issue is whether there was possession of that weapon and generally the State of Louisiana, in various cases that I have been reviewing, indicates that possession can be established by showing constructive or actual possession.
Accordingly, based on the police officer’s testimony[2] and her understanding of the law, the trial judge found that the juvenile was in constructive possession of the handgun and adjudicated him a delinquent for “illegal possession of a handgun.”

Discussion

La.Rev.Stat. 14:95.8(A) provides:
It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person. Any person possessing any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.
|4Pursuant to La.Rev.Stat. 14:95.8(A), “[constructive possession alone by the juvenile of a handgun is insufficient for a finding beyond a reasonable doubt that a juvenile unlawfully possessed a handgun.” State in the Interest of T.M., 2011-1238 p. 9 (La.App. 4 Cir. 3/28/12), 88 So.3d 1228, 1235.
The State argues that to grant the juvenile’s appeal in this case “would set a precedent not intended by the legislature” in enacting La.Rev.Stat. 14:95.8.” The State asserts that “For the Fourth Circuit to restrict the violation to cases only where a witness must observe a juvenile in actual possession of a handgun is to add an element to the crime not intended by the legislature.” While this assertion may have merit, it is noteworthy[3] that it does not appear the State sought review by the Louisiana Supreme Court of State in the Interest of T.M., supra, wherein this court set the precedent that La.Rev.Stat. 14:95.8(A) requires actual possession rather than, as the facts in this case support, constructive possession.

Conclusion

In light of State in the Interest of T.M., supra, the trial court erred in adjudicating the juvenile a delinquent based on a finding of constructive possession of a handgun. Accordingly, we reverse the judgment.
REVERSED.

. Such a set-up accommodates snow skis which are too long to fit in either the trunk or backseat of a vehicle.

. The trial judge specifically stated that she did not “give a lot of weight” to Mr. Thomas's testimony.

. Likewise, defense counsel appears to be equally unaware of this precedential and published case, relying only on an unpublished case (State in the Interest of T.S., 2007-0255 (La.App. 4 Cir. 9/7/07), 2007 WL 7712974) to support the juvenile’s argument that the statute should be strictly construed to require actual possession.