EDWIN A. LOMBARD, Judge.
hThe defendant, pro se, appeals his conviction for armed robbery and his appointed counsel has filed a brief and motion to withdraw pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). After review of the record in light of the arguments of the parties and applicable law, we affirm the defendant’s conviction, remand the matter for resentencing, and grant counsel’s motion to withdraw.

Relevant Procedural History

On April 27, 2010 the State filed a bill of information charging the defendant with armed robbery with a firearm, a violation of La.Rev.Stat. 14:64.3.[1] On April 30, 2010, he pleaded not guilty. On June 15, 2010 the appellant filed motions for discovery, a preliminary examination, and to suppress the statements, evidence, and identifications. After a hearing on December 15, 2010, the court found probable cause and denied the motion to suppress evidence, statement, and identification. On April 20, 2011, the defendant pleaded guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976) and North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). After the defendant waived delays, the trial court sentenced him to fifteen years at hard labor with credit for time served.
*996 |2On August 15, 2011, the trial court granted the defendant’s pro se motion for an out-of-time appeal and appointed the Louisiana Appellate Project to represent him on appeal. However, appellate counsel filed a motion to withdraw and a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, on January 30, 2012, stating that she could not find any issue to raise in his appellate brief but reserving the defendant’s right to file a pro se brief.

Relevant Facts

The following evidence was adduced at the motion hearing. Detective Brandon Ludwig of the New Orleans Police Department (NOPD) testified that on March 15, 2010, he investigated an armed robbery at 4300 Woodland Drive. According to Detective Ludwig, two NOPD officers from the Fourth District task force were on proactive patrol when they were flagged down at the intersection of Woodland Drive and DeGaulle Street by a woman who told them that an armed robbery was in progress inside the Family Dollar Store. The information was relayed over the police radio and a number of officers immediately responded. Detective Ludwig stated that during his investigation he learned that three men with shirts wrapped around their faces entered the store with two weapons, a sawed-off shotgun and a semiautomatic handgun. The store clerks complied with the robbers demand that they hand over the money from the registers. As they were doing so, the robbers noticed two officers in front of the store and ran out the back.
A foot chased ensued and, as police officers apprehended the defendant on Woodland Drive, a black bag containing $1,390.00 fell out of his waistband. The two apprehending officers returned with him to the Family Dollar store and | ¡¡removed him from the police unit where, according to Detective Ludwig, a store clerk inside the store looked out through the window and positively identified him as one of the robbers.
One co-defendant (Wilson) was subsequently apprehended in a truck registered to the defendant’s father as he drove out of the Tall Timbers subdivision but witnesses were unable to positively identify him. The other co-defendant (Surtain) was apprehended walking with the defendant’s younger sister and, upon being brought back to the store by the police, was identified by witnesses as one of the robbers. According to Detective Ludwig, the store clerk did not know their names but immediately recognized the defendant and Sur-tain, even with shirts wrapped around their faces, based on their physiques and voices because they were in the store daily and had been in the store earlier that day.
After the defendant was taken to the police station, he gave a voluntary recorded statement in which he admitted to his involvement in the robbery. According to the statement, the defendant parked his father’s truck in the Tall Timbers area so that the three could flee on foot and then drive away. The defendant stated that he and two other men (who he identified as Jay and Duke) went into the store armed with a shotgun and a semi-automatic handgun and robbed the store. Detective Ludwig testified that, prior to taking the defendant’s statement, he advised the defendant of his Miranda rights and the defendant signed the waiver form.
On cross-examination the detective clarified that the defendant was apprehended approximately a “hundred yards” from the store after he jumped out of a residential backyard where he was hiding and ran towards Woodland Highway where he was apprehended with the money in his waistband but no weapon. |4Petective Ludwig *997 also testified that the amount of money found in the black bag in the defendant’s waistband matched the store clerks’ calculation of the amount of money in the store at the time of the robbery. According to Detective Ludwig, the show-up identification where the clerk positively identified the defendant occurred about ten or fifteen minutes after the robbery while he and several other officers were inside the store and the defendant was outside in handcuffs. Upon being questioned as to whether the clerk stated which perpetrator had the weapon, Detective Ludwig replied that the video showed the three perpetrators handing the two weapons back and forth.
On further cross-examination the detective stated that the defendant’s statement was not videotaped because the Fourth District did not have that capability, but that the statement was audiotaped in the presence of two other detectives. Detective Ludwig denied threatening the defendant or his family and denied the allegation that any detective drew his weapon during the defendant’s statement. Detective Ludwig conceded that only the sawed-off shotgun was recovered and, although it was dusted for fingerprints, none were found because the perpetrators all wore gloves

Errors Patent

A review of the record reveals two errors patent related to the defendant’s sentence in this case. First, the district court sentenced the defendant to fifteen years, but it did not state that the sentence was to be served without benefit of parole, probation or suspension of sentence, which is required under La.Rev. Stat. 14:64 and 14:64.3. The correction of this error is usually self-activating, see State v. Williams, 2000-1725, p. 10 (La.11/28/01), 800 So.2d 790, 799, but because of the accompanying error patent, infra, the district court is instructed make the | .^correction upon resentencing. Second, the State filed a motion to invoke the firearm sentencing provision pursuant to La.Rev.Stat. 14:64.3(A), which provides that “[w]hen the dangerous weapon used in the commission of the crime of armed robbery is a firearm, the offender shall be imprisoned at hard labor for an additional period of five years without benefit of parole, probation, or suspension of sentence.” The guilty plea form indicates a sentence of fifteen years at hard labor and a sentencing range of fifteen to ninety-nine years, although La.Rev.Stat. 14:64 provides only a sentencing range of ten years to ninety-nine years. In sentencing the defendant, the district court did not refer to La.Rev.Stat. 14:64.3 or the State’s invocation of the firearm sentencing provision and, thus, it is unclear whether the sentence incorporates an additional five years pursuant to La.Rev.Stat. 14:64.3.
Accordingly, the defendant’s sentence is vacated and remanded to the district court for resentencing in accordance with the law, specifically with the mandated restrictions and a clarification as to whether the sentence includes an additional punishment under La.Rev.Stat. 14:64.3. In the event that the district court imposes a sentence greater than the original fifteen-year sentence, the defendant’s right to withdraw his guilty plea is reserved.

Pro Se Assignment of Error 1

The defendant asserts that his appointed trial counsel was ineffective because he failed to have the victim in court for the motion hearing to be questioned and cross-examined.[2]
*998 |6The defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 18 of the Louisiana Constitution of 1974, but to sustain a claim of ineffective assistance of counsel, he must show that (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An error is prejudicial if it was so serious as to deprive the defendant of a fair trial, or “a trial whose result is reliable,” and, accordingly, to prevail on a claim for ineffective assistance, the defendant must demonstrate a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceedings would have been different. Strickland, supra. Claims of ineffective assistance of counsel are more appropriately addressed through an application for post-conviction relief rather than direct appeal, State v. Truitt, 500 So.2d 355 (La.1987), but will be addressed on direct appeal in the interest of judicial economy if the record contains sufficient evidence to decide the issue. State v. Peart, 621 So.2d 780 (La.1993).
Contrary to the defendant’s pro se supposition, his constitutional right to confrontation is not implicated in pre-trial proceedings. U.S. v. Matlock, 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242(1974); McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). In addition, La.Rev.Stat. 46:1844(0(3) provides that a defendant must show “good cause” at a contradictory hearing with the district attorney as to why a crime victim should be subpoenaed to testify at any pre-trial hearing. See also State v. Harris, 2008-2117, pp. 1-2 (La.12/19/08), 998 So.2d 55, 56 (defendant failed to establish that there was a substantial likelihood of misidentifi-cation as a result of the identification procedure utilized). Because the defendant’s mere desire to question or cross-examine a victim does not constitute “good cause” to subpoena a victim of the 17robbery to testify at the pretrial hearing in this case, the defendant has not sustained his burden of showing that counsel’s failure to issue a subpoena to the victim for the motion hearing was deficient performance or that such deficiency undermined the reliability of the trial result. This assignment lacks merit.

Pro Se Assignment of Error 2

The defendant also alleges that his conviction is invalid because when he was returned to the crime scene, the victim was not certain he was involved in the robbery. In addition, the defendant claims that he was never picked from a photo lineup or a physical lineup “causing irreparable mistaken identification.... ”
The defendant’s assertions are not supported by the record. The defendant was apprehended shortly after the armed robbery and the store clerk, who told the investigating officer that he recognized the robbers because they shopped at the store on a daily basis, immediately and positively identified him. Moreover, one-on-one identifications are not suggestive per se and, although identifications like the one utilized by police in the instant case are generally not favored, they are permissible where (as in this case) the accused is apprehended within a relatively short period of time after the occurrence of the crime and is returned to the scene for immediate identification. See State v. Martello, 98-2066, p. 8 (La.App. 4 Cir. 11/17/99), 748 So.2d 1192, 1199 and State v. Robinson, 2009-0922, p. 2 (La.App. 4 Cir. 3/10/10), 50 So.3d 158, 160, writ denied, 2010-0824 (La.11/5/10), 50 So.3d 813.
The defendant has not shown that there was a substantial likelihood of misidentifi- *999 cation and, accordingly, this assignment of error lacks merit.
| ^Conclusion
The defendant’s conviction is affirmed. The defendant’s sentence is vacated and the matter is remanded to the district court for resentencing in accordance with the law. In the event that the sentence imposed is greater than the fifteen year sentence originally imposed, the defendant’s right to withdraw his guilty plea is reserved. Counsel’s motion to withdraw is granted.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING; MOTION GRANTED.

. The State also charged his codefendants, Justin Wilson and Gregory Surtain, with armed robbery.

. The defendant's two pro se assignments and/or arguments consist of two sentences each. Arguably his assignments are not actually briefed, but the arguments have nonetheless been considered.