JOY COSSICH LOBRANO, Judge.
liOn August 15, 2013, the Orleans Parish Juvenile Court adjudicated D.V.[1] delinquent as a result of having committed the crime of illegal possession of a handgun by a juvenile, a violation of La. R.S. 14:95.8. The Juvenile Court judge entered a disposition of commitment to the Department of Public Safety and Corrections for a period of six (6) months, but suspended the commitment and placed D.V. on six (6) months of inactive probation, with certain special conditions. D.V. now appeals his adjudication and disposition.
The facts of the instant case are not relevant to the issues presented in this appeal.
On appeal, D.V. first argues that La. R.S. 14:95.8 is unconstitutional and a violation of Article 1, § 11 and Article 1, § 3 of *1099 the Constitution of the State of Louisiana, and the Fourteenth Amendment of the Constitution of the United States. The trial court denied D.V.’s motion to declare La. R.S. 14:95.8 unconstitutional. La. R.S. 14:95.8 states as follows:
12A. It is unlawful for any person who has not attained the age of seventeen years knowingly to possess any handgun on his person. Any person possessing any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.
B. (1) On a first conviction, the offender shall be fined not more than one hundred dollars and imprisoned for not less than ninety days and not more than six months.
(2) On a second conviction, the offender shall be fined not more than five hundred dollars and imprisoned with or without hard labor for not more than two years.
(3) On a third or subsequent conviction, the offender shall be fined not more than one thousand dollars and imprisoned at hard labor for not more than five years.
(4) A juvenile adjudicated delinquent under this Section, having been previously found guilty or adjudicated delinquent for any crime of violence as defined by R.S. 14:2(B), or attempt or conspiracy to commit any such offense, shall upon a first or subsequent conviction be fined not less than five hundred dollars and not more than one thousand dollars and shall be imprisoned with or without hard labor for not less than six months and not more than five years. At least ninety days shall be served without benefit of probation, parole, or suspension of sentence.
. C. The provisions of this Section shall not apply to any person under the age of seventeen years who is:
(1) Attending a hunter’s safety course or a firearms safety course.
(2) Engaging in practice in the use of a firearm or target shooting at an established range.
(3) Hunting or trapping pursuant to a valid license issued to him pursuant to the laws of this state.
(4) Traveling to or from any activity described in Paragraph (1), (2), or (3) of this Subsection while in possession of an unloaded gun.
(5) On real property with the permission of his parent or legal guardian and with the permission of the owner or lessee of the property.
|s(6) At such person’s residence and who, with the permission of such person’s parent or legal guardian, possesses a handgun.
(7) Possessing a handgun with the written permission of such person’s parent or legal guardian; provided that such person carries on his person a copy of such written permission.
D. For the purposes of this Section “handgun” means a firearm as defined in R.S. 14:37.2, provided however, that the barrel length shall not exceed twelve inches.
The constitutionality of La. R.S. 14:95.8 was upheld by the Louisiana Fifth Circuit Court of Appeal in State in Interest of D.W., 13-114 (La.App. 5 Cir. 9/18/13), 125 So.3d 1180, and the Louisiana Supreme Court recently denied writs in that case. State in Interest of D.W., 13-2478 (La.4/4/14), 135 So.3d 639. The Fifth Circuit stated as follows:
The right to bear arms is established by the Second Amendment to the United States Constitution and Article I, Section 11 of the Louisiana Constitution. The State of Louisiana is entitled to regulate that right for legitimate state *1100 purposes, such as public health and safety. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1333; State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 70, mit denied, 99-1077 (La.9/24/99), 747 So.2d 1118.
La. Const. Art. 1, Section 11 currently provides that the right of each citizen to keep and bear arms is fundamental and shall not be infringed, and that any restriction on this right shall be subject to strict scrutiny. La. Const. Art. 1, Section 11 was amended by Acts 2012, No. 874, Section 1, and approved on November 6, 2012. La. Const. Art. 1, Section 11 formerly provided that the right of each citizen to keep and bear arms shall not be abridged, but this provision shall not prevent the passage of laws to prohibit the carrying of weapons concealed on the person. D.W. committed this offense on October 27, 2012, before the new amendment was approved, and therefore, it is unclear as to whether the new amendment would apply. However, under the following analysis, wejjfind that La. R.S. 14:95.8 is constitutional under either version of the law.
[[Image here]]
A statute is presumed to be constitutional, and the burden of clearly establishing unconstitutionality rests upon the party who attacks the statute. A statute should be upheld whenever possible. State v. Muschkat, 96-2922 (La.3[/4/98), pp. 4-5,] 706 So.2d 429, 432. Neither the Louisiana Supreme Court nor this Court has determined whether La. R.S. 14:95.8 is constitutional or unconstitutional.
Federal courts have found that similar statutes do not violate the Second Amendment and are constitutional. In United States v. Rene E., 583 F.3d 8 (1st Cir.2009), ceil denied, 558 U.S. 1133, 130 S.Ct. 1109,175 L.Ed.2d 921 (2010), a
juvenile was charged with possessing a handgun in violation of 18 U.S.C., Section 922(x)(2)(A). The juvenile entered a conditional guilty plea. On appeal, he argued, inter alia, that the statute violated his rights under the Second Amendment. The U.S. Court of Appeals, First Circuit, held that the statute did not violate the Second Amendment. It found that the law was a narrowly drawn federal prohibition on handgun possession by juveniles that contained exceptions for self- and other-defense in the home, National Guard duty, and hunting, among others. The First Circuit stated that it had evaluated this prohibition in light of state laws regulating juvenile access to handguns on the ground that their possession could pose a serious threat to public safety. It also stated that it had evaluated evidence which showed that the founding generation would have regarded such laws as consistent with the right to keep and bear arms. Therefore, the court concluded that the law, with its narrow scope and its exceptions, did not offend the Second Amendment.[6] Id. at 16.
*1101 The First Circuit also noted that handgun possession by juveniles was banned by federal law in 1994 in the Youth Handgun Safety Act, and that the act was aimed at preventing juvenile misuse of handguns and associated crime. Id. at 13. The federal ban on handguns was part of a longstanding practice of prohibiting certain classes of individuals from possessing firearms— those whose possession posed a particular danger to the public. Id. at 15. The court lastly recognized that the U.S. Supreme Court had held repeatedly that the rights of minors were not commensurate with those of adults because of their inability to make informed and mature decisions.' Id. at 16 n. 8. See also, Dozier v. State of Indiana, 709 N.E.2d 27, 31 (Ind.Ct.App.1999); National Rifle Ass’n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, and Explosives, 700 F.3d 185 (5th Cir.2012).
La. Const. Art. 1, Section 11, provides at the present time that the right of each citizen to keep and bear arms is fundamental and shall not be infringed, and that any restriction on this right shall be subject to strict scrutiny. Under the strict scrutiny test, the state action may be justified only by a compelling state interest, and the state action must be narrowly confined so as to further only that compelling interest. State v. Perry, 610 So.2d 746, 760 (La. 1992).
We find that La. R.S. 14:95.8 meets the strict scrutiny test because it is narrowly tailored to address the compelling state interest of protecting the public’s safety by attempting to curb juvenile gun violence with reasonable, limited restrictions. The statute is narrowly tailored in that it contains several exceptions which are found in La. R.S. 14:95.8C, including exceptions for hunting and target shooting at an established range. | Juveniles who have permission from their parents are exempted from the statute. Further, the statute is narrowly tailored in that it only applies to individuals under the age of 17, and it criminalizes only actual possession on one’s person, and not constructive possession. See State in the Interest of R.D., 12-619 (LaApp. 4 Cir. 10/3/12), 126 So.3d 504, [2012 WL 4711876], writ denied, 12-2495 (La.4/19/13), 111 So.3d 1030.
Based on the foregoing, we find that La. R.S. 14:95.8 does not violate the Second Amendment or La. Const. Art. 1, Section 11, and is constitutional. We therefore conclude that D.W.’s trial counsel was not ineffective for failing to raise this issue in the trial court. This assignment of error is without merit.
D.W. next argues that La. R.S. 14:95.8 is unconstitutional because it violates equal protection of laws in that it discriminates against individuals on the basis of age. The Fourteenth Amendment to the United States Constitution, and Article I, Section 3 of the Louisiana Constitution provide that no person shall be denied the equal protection of law. Equal protection analysis requires strict scrutiny of a legislative classification only when the classification impermissi-bly interferes with the exercise of a fundamental right or operates to the peculiar advantage of a “suspect” class. Mass. Bd. of Ret. v. Murgia, 427 U.S. 307, 312, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976).
First, as discussed above, La. R.S. 14:95.8 does not impermissibly interfere with Second Amendment rights. Secondly, age is not a “suspect” classification. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 83, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000). Government may discriminate on the basis of age without offend *1102 ing the constitutional guarantee of equal protection, provided that such age classification in question is rationally related to a legitimate state interest. Id. at 83-84 [120 S.Ct. 631]. Because La. R.S. 14:95.8 is rationally related to the legitimate state interest of protecting the public’s safety by reasonably attempting to curtail juvenile gun violence, the statute does not violate equal protection guarantees and is therefore constitutional. We further find that D.W.’s trial counsel was not ineffective for failing to raise this issue in the trial court. This assignment of error is without merit.
State in Interest ofD.W., supra, pp. 15-19, 125 So.3d at 1192-1194.
|7We agree with the analysis and conclusions set forth by the Fifth Circuit in State in Interest of D.W., supra, and find no merit in D.V.’s argument that La. R.S. 14:95.8 violates Article 1, § 11 and Article 1, § 3 of the Constitution of the State of Louisiana, and the Fourteenth Amendment of the Constitution of the United States.[2] The trial court did not err in denying D.V.’s motion to declare La. R.S. 14:95.8 unconstitutional.
In his next assignment of error, D.V. argues that the trial court erred in setting the initial answer hearing outside of the time limitations set forth in La. Ch.C. article 854, and in finding that good cause existed to delay the appearance to answer in this case a second time for an additional period of thirty-four days. La. Ch.C. article 854 states as follows:
A.If the petition is filed prior to or during the hearing to determine continued custody, the court may order the child to answer the petition upon completion of the hearing. If not so ordered and the child is continued in custody, he shall be ordered to appear to answer the petition within five days after the filing of the petition.
B. In all other cases, the child shall be ordered to appear to answer the petition within fifteen days after the filing of the petition.
C. For good cause, the court may extend such period.
In response to this argument, the State asserts that D.V. has waived his objection to the issues regarding whether the trial court complied with the provisions of La. IsCh.C. article 854 because his counsel did not contemporaneously object when the trial court set the initial answer hearing beyond the delays set forth in La. Ch.C. article 854 or when the trial court found that good cause existed to continue the hearing. The State cites La.C.Cr.P. article 841, which states, in pertinent part, “An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence.” The record supports the State’s contention that counsel for D.V. did not contemporaneously object when the trial court set the initial answer hearing beyond the delays allowed by La. Ch.C. article 854 or when the trial court found that good cause existed to delay the appearance to answer. Counsel for D.V. responds that no objection was required because the time limitations set forth in La. Ch.C. article 854 are mandatory.
The record supports the State’s contention that counsel for D.V. did not contemporaneously object to the initial set *1103 ting of the answer hearing beyond the time limitations set forth in La. Ch.C. article 854 or to the finding of good cause for the continuance of that hearing. In a similar situation, because no objection was made on behalf of a juvenile defendant when his adjudication hearing was not held within the mandatory time limitations set forth for such a hearing in La. Ch.C. article 877, the juvenile defendant was not allowed to raise that issue on appeal for the first time. State ex reí. Q. U.O., 89,308, pp. 4-5 (La.App. 2 Cir. 10/27/04), 886 So.2d 1188, 1191. We find that the same rule applies in this case. D.V. cannot raise his arguments regarding the trial court’s alleged lack of compliance with La. Ch.C. article 854 for the first time on appeal.
In his third and final assignment of error, D.V. argues that he was denied the effective assistance of counsel guaranteed to him by the Sixth Amendment to the United States Constitution. La. Ch.C. article 809 states, in pertinent part: “At 19every stage of proceedings under this Title, the accused child shall be entitled to the assistance of counsel at state expense.” In addressing a claim of ineffective assistance of counsel, this Court in State v. Marzett, 13-274 (La.App. 4 Cir. 8/28/13), 123 So.3d 831, stated as follows:
A defendant is entitled to effective assistance of counsel under U.S. Const. Sixth Amendment and La. Const, art. I, § 13. To sustain a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced him. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). An error is prejudicial if it was so serious as to deprive the defendant of a fair trial; to prevail on a claim for ineffective assistance, the defendant must demonstrate a reasonable probability that, but for counsel’s unprofessional errors, the re-suit of the proceedings would have been different. State v. Stovall, 12-0014, p. 6 (La.App. 4 Cir. 10/17/12), 102 So.3d 994, 998.
Claims of ineffective assistance of counsel are more appropriately addressed through an application for post-conviction relief rather than on direct appeal. State v. Truitt, 500 So.2d 355 (La.1987). However, the claim may be addressed on direct appeal in the interest of judicial economy if the record contains sufficient evidence to decide the issue. State v. Peart, 621 So.2d 780 (La.1993); State v. McCarthy, 12-0342, p. 4 (La.App. 4 Cir. 3/27/13), 112 So.3d 394, 397; Stovall, 12-0014, p. 6, 102 So.3d at 998.
Id., 11-12,123 So.3d at 837-838.
D.V. argues that his trial counsel was ineffective because (1) she failed to offer an equal protection argument in support of D.V.’s claim that La. R.S. 14:95.8 is unconstitutional; (2) she failed to object to the trial court’s exceeding of the time limitations set forth in La. Ch.C. article 854 for the initial answer hearing or to the trial court’s finding of good cause for delaying the appearance to answer; and (3) her actions during the adjudication hearing inflamed the trial court to the detriment | K)of D.V. Because the record in this case contains sufficient evidence to decide this issue on appeal, we will do so in the interest of judicial economy.
As discussed in the first assignment of error, we agree with the analysis and conclusions set forth in State in Interest of D.W., 13-114 (La.App. 5 Cir. 9/18/13), 125 So.3d 1180, writ denied, 13-2478 (La.4/4/14), 135 So.3d 639, regarding the constitutionality of La. R.S. 14:95.8, and find no error in the trial court’s ruling denying D.V.’s motion to declare La. R.S. 14:95.8 unconstitutional. Included in the *1104 Fifth Circuit’s holding in State in Interest of D.W., supra, was a rejection of that defendant’s argument that La. R.S. 14:95.8 violated his equal protection rights. Therefore, trial counsel for D.V. was not ineffective for failing to present an equal protection argument in support of D.V.’s claim that La. R.S. 14:95.8 is unconstitutional.
As for D.V.’s argument that his trial counsel was ineffective for failing to object to the trial court’s exceeding of the time limitations set forth in La. Ch.C. article 854 for his initial answer hearing and in finding that good cause existed to delay the appearance to answer, we note that even though the initial answer hearing was set more than fifteen days after the petition in this matter was filed,[3] La. Ch.C. article 854 does not authorize dismissal of the petition if the answer hearing is not held within the time limitations of that article. Furthermore, with regard to the continuance of the appearance to answer, La. Ch.C. article 854 allows a trial court to exceed the time limitations of that article “for good cause.” On the date that the initial answer hearing was originally scheduled, the trial court found |nthat good cause existed to continue the hearing due to the unavailability of a court reporter. This finding of good cause for the continuance was within the discretion of the trial court. Accordingly, we find that D.V.’s trial counsel was not ineffective for failing to object to the trial court’s exceeding of the time limitations of La. Ch.C. article 854 or to the finding of good cause for a continuance of the appearance to answer.
The third reason cited by D.V. for his ineffective assistance of counsel claim was that the actions of his trial counsel at his adjudication hearing inflamed the trial court to the detriment of D.V. While the transcript of the adjudication hearing includes several contentious exchanges between D.V.’s trial counsel and the trial court, a reading of the transcript as a whole shows that D.V.’s trial counsel effectively represented her client and that D.V. received a fair trial. D.V. has not shown that his trial counsel’s performance was deficient, or that her actions prejudiced him. We find no merit in D.V.’s claim that he received ineffective assistance of counsel.
For the reasons stated above, we affirm the adjudication of delinquency and disposition against D.V.
AFFIRMED
BONIN, J., concurs in part and dissents in part with reasons.

. Pursuant to Rules 5-1 and 5-2 of the Uniform Rules — Courts of Appeal, the initials of the juvenile involved in this matter will be used instead of his name.

FN6. In its analysis, the First Circuit in United States v. Rene E., pointed out that for a long time the states were engaged in regulating firearms, including their transfer to and possession by juveniles. It noted that some states criminalized the mere possession of handguns by juveniles, citing Glenn v. State, 10 Ga.App. 128, 72 S.E. 927 |fi(1911), where a Georgia court held that a ban on juvenile possession of handguns did not violate the Georgia constitution, and Biffer v. City of Chicago, 278 Ill. 562, 116 N.E. 182, 184-85 (1917), where the Illinois Supreme Court held that a Chicago ordinance that required individuals to obtain permits to purchase concealable weapons, including handguns, but denied such permits to all minors, did not violate either the Illinois or the U.S. Constitution. United States v. Rene E., 583 F.3d at 14-15.

. We note that the incident leading to D.V.'s arrest occurred on January 1, 2013, after the effective date of the 2012 constitutional amendment to Article 1, § 11 of the Louisiana Constitution, whereas the events for which the defendant in State in Interest of D.W., supra, was arrested occurred prior to the effective date of the amendment. However, we agree with the Fifth Circuit’s conclusion that La. R.S. 14:95.8 is constitutional under both the pre-amendment and post-amendment versions of La. Const. Article 1, § 11.

. The petition was filed on January 3, 2013 and the record is unclear as to whether the initial answer hearing was set for January 24, 2013 or January 30, 2013. The trial court rescheduled the appearance to answer to February 27, 2013 due to the unavailability of a court reporter. D.V. appeared to answer the petition on February 27, 2013, and denied the charges against him.