## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2020 KJ 0926

## STATE OF LOUISIANA IN THE INTEREST OF C. J.

Judgment Rendered: **APR 2 6 2021**

\* \* \* \* \* \* \*

On Appeal from the
Juvenile Court
In and for the Parish of East Baton Rouge
State of Louisiana
No. 113939

Honorable Gail Grover, Judge Presiding

\* \* \* \* \* \* \*

| | |
|---|---|
| Hillar C. Moore, III<br>District Attorney<br>Andrea D. Neal<br>Assistant District Attorney<br>Baton Rouge, Louisiana | Attorneys for Appellee<br>State of Louisiana |
| Jack Harrison<br>Baton Rouge, Louisiana | Attorney for Defendant/Appellant<br>C. J. |

\* \* \* \* \* \* \*

**BEFORE: McDONALD, HOLDRIDGE, AND PENZATO, JJ.**

**PENZATO, J.**

The juvenile, C.J.,[1] was charged by petition in juvenile court with theft of a firearm (first offense), a violation of La. R.S. 14:67.15 (count 1); and illegal possession of a handgun by a juvenile, a violation of La. R.S. 14:95.8 (count 2). The juvenile denied the allegations. Following an adjudication hearing, the juvenile court adjudicated C.J. a delinquent on the charge of theft of a firearm (count 1). The juvenile court found the State failed to prove illegal possession of a handgun by a juvenile and, accordingly, dismissed that charge (count 2). The juvenile court ordered that disposition be deferred for six months and placed C.J. on supervised probation for six months pending final disposition. C.J. now appeals, designating one assignment of error.[2] We affirm the adjudication and remand for imposition of disposition.

## FACTS

On August 28, 2019, Lyft driver Xavier Wallace picked up seventeen-year-old C.J. and a female (T.D.) about two blocks from McKinley High School in East Baton Rouge Parish. Wallace owned a Smith & Wesson .40 caliber handgun that he kept in the driver's side door panel of his car. Wallace drove the pair to Thomas Grocery. At T.D.'s request, Wallace went inside the store with her to purchase some items. C.J. stayed in the car. Several minutes later, Wallace and T.D. returned to his car. C.J. had left the car, and Wallace's gun was missing.

Wallace then went to McKinley High School and gave a description of C.J. to Officer Louis Perry, with the Baton Rouge Police Department, who was working at the high school. Officer Perry shared the information with a dean of

---

[1] Pursuant to Uniform Rules-Courts of Appeal, Rules 5-1(a) and 5-2, we reference juveniles involved in this matter by their initials instead of their names.

[2] While the appeal was pending, counsel for C.J. filed a motion to dismiss the appeal. On November 6, 2020, this court denied the motion, indicating that the motion did not include documentation that C.J. and/or his parents were advised of or consented to the dismissal of the appeal.

students at the high school. They determined it was C.J. who had been in Wallace's car. When officials tried to make contact with C.J. at school the next day, C.J. fled the campus. Officer Perry apprehended C.J a short time later at an abandoned house, and, on the next day, retrieved Wallace's gun from C.J.'s home.

## ASSIGNMENT OF ERROR

In his sole assignment of error, C.J. asserts the juvenile court erred in adjudicating him delinquent for theft of a firearm because the State failed to prove he had possession of the firearm, which was a necessary element of theft. According to C.J., since the juvenile court found he was not a delinquent on the charge of illegal possession of a handgun by a juvenile, then he necessarily could not have been found delinquent of theft of a firearm. C.J. notes that theft of a firearm requires misappropriation or a taking, which would require possession of the firearm taken from Wallace's car. C.J. asserts that because the juvenile court found that he "never had the firearm on his person[,]" he could not have been adjudicated a delinquent for theft of that firearm.

In a juvenile adjudication proceeding, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. La. Ch. Code art. 883. The burden of proof, beyond a reasonable doubt, is no less severe than the burden of proof required in an adult proceeding. *State in Interest of J.S.*, 2018-1245 (La. App. 1 Cir. 12/21/18), 268 So.3d 311, 316. Accordingly, in delinquency cases, the standard of review for the sufficiency of evidence, is that enunciated in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), *i.e.*, whether viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt. See La. Code Crim. P.

3

art. 821.[3] Further, because a review of the law and facts in a juvenile delinquency proceeding is constitutionally mandated, an appellate court must review the record to determine if the juvenile court was clearly wrong in its factual findings. *State in Interest of J.S.*, 268 So.3d at 316.

Credibility determinations, as well as the weight to be attributed to the evidence, are soundly within the province of the fact finder. *State in Interest of T.C.*, 2018-1246 (La. App. 1 Cir. 12/21/18), 269 So.3d 716, 719. Moreover, conflicting testimony as to factual matters is a question of weight of the evidence, not sufficiency. *Id.* See also *Tibbs v. Florida*, 457 U.S. 31, 46, 102 S.Ct. 2211, 2220-21, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. *State in Interest of T.C.*, 269 So.3d at 719. A trier of fact's determination as to the credibility of a witness is a question of fact entitled to great weight, and its determination will not be disturbed unless it is clearly contrary to the evidence. *Id.* See *State v. Vessell*, 450 So.2d 938, 943 (La. 1984).

The elements of theft of a firearm are found in La. R.S. 14:67.15(A), which provides:

> Theft of a firearm is the misappropriation or taking of a firearm which belongs to another, either without the consent of the other to the misappropriation or taking or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of the firearm is essential.

Illegal possession of a handgun by a juvenile, on the other hand, is defined in La. R.S. 14:95.8(A)[4] as:

> It is unlawful for any person who has not attained the age of eighteen years knowingly to possess any handgun on his person. Any person

---

[3] In the absence of specific procedures provided by the Louisiana Children's Code, the court shall proceed in accordance with the Louisiana Code of Criminal Procedure. See La. Ch. Code art. 803; *State in Interest of J.S.*, 268 So.3d at 316, n.3.

[4] Effective August 1, 2019, La. R.S. 14:95.8(A) was amended to change the applicable age from seventeen to eighteen. 2019 La. Acts No. 104, §2. The incident herein occurred on August 28, 2019, when C.J. was seventeen years old.

4

possessing any handgun in violation of this Section commits the offense of illegal possession of a handgun by a juvenile.

An adjudication of C.J. as delinquent for illegal possession of a handgun requires a finding that C.J. had actual, not merely constructive, possession of the gun. *State in Interest of J.S.*, 268 So.3d at 319. See *State in Interest of R.D.*, 2012-0619 (La. App. 4 Cir. 10/3/12), 126 So.3d 504, 506, writ denied, 2012-2495 (La. 4/19/13), 111 So.3d 1030.

The evidence presented at the adjudication hearing established that the only person in Wallace's car at the time the gun was taken was C.J. Wallace made clear in his testimony that his gun was in the car when he (Wallace) and T.D. left C.J. in the car, and that his gun was gone when, several minutes later, he and T.D. returned to the car. At this point, C.J. was no longer in the car and could not be found. Moreover, Wallace's gun was later found at C.J.'s house. Given the testimony of Wallace and Officer Perry, in a light most favorable to the prosecution, the State proved C.J. was delinquent of theft of a firearm beyond a reasonable doubt.

The record does not support C.J.'s assertion that the juvenile court found that he "never had the firearm on his person." In finding the State failed to meet its burden of proving illegal possession of a handgun by a juvenile, the juvenile court found: "There was no evidence in the testimony provided by Officer Perry or by Mr. Wallace that a handgun was found on the person **at the time of arrest**."[5] (Emphasis added.) Because the elements of theft of a firearm do not require the stolen firearm be found on the person, we find no inconsistency in the juvenile

---

[5] As noted above, La. R.S. 14:95.8(A) requires the offender to "possess any handgun on his person." The statute does not contain the requirement that it be on his person "at the time of arrest." For example, in *State in Interest of J.S.*, 268 So.3d at 319-20, this court found that the offender's possession of a gun before and after the time another person used it was sufficient to prove illegal possession of a handgun by a juvenile ("Given J.S.'s statement to law enforcement, as well as the corroborating evidence of the gun used in the shooting being found in the residence where J.S. said he took it, the State established beyond a reasonable doubt that J.S., not yet seventeen at the time of the offense, actually possessed the gun both before and after N.D. fired it at the retreating boys.").

court's finding that C.J. was delinquent of theft of a firearm but not delinquent of illegal possession of a handgun by a juvenile.

The assignment of error is without merit.

## DISPOSITION ERROR

The juvenile court adjudicated C.J. a delinquent on December 3, 2019. By judgment rendered January 22, 2020 and signed February 3, 2020, the juvenile court ordered that disposition be deferred for a period of six months. See La. Ch. Code arts. 896 and 903(D). The juvenile court placed C.J. on supervised probation for six months pending final disposition and a dispositional review hearing was set for April 23, 2020. There is no minute entry or other ruling beyond this in the appellate record before us that indicates the final disposition of the juvenile.

Accordingly, this case is remanded to the juvenile court to impose final disposition.

**ADJUDICATION AFFIRMED; REMANDED FOR FINAL DISPOSITION.**